LINK: 274

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE COUNTRYWIDE FINANCIAL CORP. DERIVATIVE LITIGATION | LEAD CASE No. 07-CV-06923-MRP (MANx)<br><br>ORDER RE: MOTION FOR RECONSIDERATION |

Plaintiffs ask the Court to reconsider its December 11, 2008 Judgment on the Pleadings for lack of standing as to the derivative claims against former Countrywide officers and directors, Counts I-III and V-IX, in light of new *en banc* Delaware Supreme Court authority. Docket Nos. 257 [12/11/08 Order], 274 [Motion for Reconsideration]. "A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." C.D. Cal. R. 7-18; Fed. R. Civ. P. 54(b)[1]. Plaintiffs argue that a May 21, 2010 opinion of the Delaware Supreme Court changed Delaware law by broadening the fraud exception for maintaining standing in a derivative suit post-merger and, under this

---

[1] According to Federal Rule of Civil Procedure 54(b), the Court may revise an order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

-1-

new law, Plaintiffs now have standing to pursue their derivative claims.[2] *See Ark. Teacher Ret. Sys. v. Caifa*, No. 530,2009, 2010 WL 2103027, at *1-2 (Del. May 21, 2010).

The Court **DENIES** the motion for reconsideration because the Delaware decision did not change Delaware law regarding the loss of derivative standing after a merger. To the contrary, the Delaware Supreme Court relied on established Delaware law and affirmed the decision of the Vice Chancellor on the basis of the reasons in his opinion, because the record did not support a finding that avoiding derivative liability was the principal reason for the Countrywide Board of Directors' approval of the merger with Bank of America. *Id*. Moreover, the Delaware Supreme Court acknowledged that its approval of the settlement extinguished standing to bring derivative claims on behalf of Countrywide. *Id*. at *1. Because Plaintiffs have failed to identify any change in the law on which this Court's Order granting judgment on the pleadings was based, Plaintiffs' motion for reconsideration is **DENIED**. The hearing scheduled for July 12, 2010 is hereby **VACATED**.

**IT IS SO ORDERED.**

DATED: June 22, 2010

_____
Hon. Mariana R. Pfaelzer
United States District Judge

---

[2] Plaintiffs rely on *dicta* from the Delaware Supreme Court which opines that **shareholders**—not the corporation via a derivative suit—would have had post-merger standing to recover damages from a ***direct*** fraud claim, if one had been properly pleaded. *Ark. Teacher Ret. Sys.*, 2010 WL 2103027, at *2.